Our final case this morning is number 18-1412, Transport Technologies, LLC v. LA County Metro Our final case this morning is number 18-1412, Transport Technologies, LLC v. LA County Metro Thank you, Your Honors. Good morning. Happy New Year. And please, the Court, we are here today on an appeal from a decision from the Patent Office in validating or finding unpatentable the 101 patent. And what we have here, to borrow, I was inspired by the puns related to the doorknob, so what I would do is say we're going to drive at two issues that we have with respect to the decision of the Board. The first is, in the final decision, and this is at Appendix 24, the Board found that the code that uniquely identifies the registrant with the program administrator is not disclosed in the HACCIT 183 prior art reference. And that's a sole reference that was the subject of the ground for the independent claims 1 and 6. And not only... But HACCIT 183 does disclose using a VIN number. It does, Your Honor. It discloses a VIN number. We don't take issue with that. What we take issue with, with respect to the VIN number, is both the construction of program administrator, which we think is beyond the broadest reasonable interpretation of program administrator, because that gives an opportunity. The broad construction created the opportunity for the Board to point to the VIN number, which is not an identifier with respect to a program administrator of the program claimed in the 101 patent. And so both the broad construction of that, as well as the standard that was applied for the obviousness analysis, we think both of those are wrong. And what the Board found is it's not disclosed in the 183, the HACCIT 183 prior art reference. And it further said, and this is Appendix 24... But the claim still works under the Board's interpretation of the claim language, doesn't it? So we don't think so. We think under the broader construction, there's still a problem. And that problem lies in the fact that the Board found the code that identifies the unique... Let me interrupt you for just a second. Are you talking about the broad construction of registered or the broad construction of program administrator? You had started on program administrator. The way I view it is both are overly broad. I understand, but what are you talking about now? I think the more important one is program administrator. And the reason why I say that is because the program of the 101 patent is a program for making claims as to vehicle occupancy. The Board construed it as any old program. And the Board construed registrant as any registrant. In some ways, I think that's fine. Any registrant is okay so long as program administrator is properly construed with the limitation that it's a program for making vehicle occupancy claims. The idea that the VIN number discloses the code that identifies the registrant is off because a licensing authority, which is what the Board points to, albeit a licensing authority that's not disclosed. And that's part of the problem with respect to the obviousness analysis. But the licensing authority is not a program for making or handling claims of vehicle occupancy. But a VIN number that is sent, that is transmitted, is a code that associates the vehicle with a registrant, right? It is a code that associates a vehicle with one who registers a vehicle. In fact, it uniquely identifies the vehicle and the registrant. It can be used to uniquely identify the vehicle and the registrant. So that does seem to satisfy the portion of the claim that deals with the identifier. And Judge Bryson, I agree with you. That's why I say that the key one is program administrator. And the program administrator— I'll explain my understanding of what the Board is doing here. The Board looked at HACCP 183 and saw that it was a system created for monitoring a lot of different things that are going on in the middle of traffic, including the number of occupants that are located in a given vehicle. And each vehicle has a transponder, and the transponder is sending out an identifying signal, identifying that particular car, and then providing all kinds of information about that car, the type of car it is, could be a truck, number of people in the car, and the identity of the car itself. And then HACCP goes on and says, all of this can be used in an electronic tolling system. So the Board was using all of that and saying, okay, we have an electronic tolling system. It was known. It was known to monitor all kinds of information, including the number of vehicles that are occupying in a given car. And we know from all these background references that electronic tolling systems are something that are like a program that people have to register to become a member of. And so, therefore, you necessarily are going to have an administrator administrating all of this, and you're going to be sending your information to the program administrator with some kind of identifying signal that identifies you in particular. And given that state of the background art, given what we know that HACCP tells us, it's obvious that these, it renders all of these claims obvious. So where in all of that do things run afoul? So, Judge Shen, the error we find in all of that, and I agree that accurately describes what the Board found, there are two parts of that that you said that we take fault with. The first is what the Board found was the identifier of the individual, of the driver. The vehicle driver is the individual identified in the HACCP 183 reference that is the registrant in the 101 patent. That driver is not, that identifier of that driver is not disclosed expressly or inherently. That's in Appendix 24. And the way that the Board dealt with that issue is to say, Appendix 22 and 27, is it's in... Before you go further, is it your understanding that the claim term registrant is referring to the driver of the car? The registrant is not necessarily the driver. The registrant is the one who registers with the program. The program is one that allows the registrant. In Claim 6, it has to be the registrant that makes the claims as to vehicle occupancy. That limitation is not clear in Claim 1. But the registrant is that individual who's registered with this program. And this program must allow at minimum claims as to vehicle occupancy. And I guess what I'm wondering is that even if we accept your claim constructions, why isn't the Board's theory of HACCP 183, in light of the state of the background art with how electronic tolling systems operate, good enough? So the problem there, even if you accept our constructions, and I hope you do, is that the disclosed program administrators in the HACCP 183, there are two of them. And what the Board said about that is that they're implicitly disclosed. They're not disclosed expressly or inherently. They're implicitly disclosed. And we think that's a problem with respect to single reference obviousness. Because implicitly disclosed is not one of the types of disclosure that the case law provides for. I must say I'm having difficulty following this. If someone registers a motor vehicle with a VIN number, and then sends that VIN number together with the number of people in the vehicle, through a transponder to some, let's say, program administrator, that would be within the claims, right? It would be if the program administrator under our construction, as Judge Chen suggested, could adopt if the program that the program administrator administers is one that allows claims as to vehicle occupancy to be made. And what is identified by the Board as being implicitly disclosed is a licensing authority, which is not a program known in the art or common sense. There was testimony before the Board that it was common to use VIN numbers with respect to sending tolling information. I mean, e-pass, for example. Very common, right? That's correct. But the reason why the HACCIT 183 reference, which doesn't disclose paid tolling, but rather describes collecting information for setting tolls. But that aside, the HACCIT 183 reference is used because it's the only one where there's this identification of vehicle occupancy. The other references in the background art, they don't describe or disclose making claims as to vehicle occupancy. Do you think there's a huge difference between sending information about vehicle occupancy to a toll authority and to an authority which is monitoring hub lanes? I'm not suggesting that there is a big difference, but what I'm suggesting is that the disclosure in HACCIT 183 doesn't do it on its own. And that the background art that's described as involving tolling, that is an element that's being added under a doctrine of implicit disclosure, which is not a doctrine that I have been able to find in the law. And I think what the board was attempting to do is use the ordinary single reference obviousness standard described in the Arendi v. Apple case, the 2016 decision from this court that says there's a motivation to modify the prior reference. But that's not what the board did. And that's not what the appellee, the petitioner, argued below. You, way back at the beginning of your argument after Judge Chin laid out the position that the board had taken with respect to this case, you said there were two problems with it. We've been discussing one, unless the second one has been part of your discussion. It's been revealed, but perhaps not so clearly. Why don't you tell us what it is and then we can see. Implicit. Implicit, right, exactly. It's implicitly been revealed. So go ahead. I want to hear your second point. The problem is that in a single reference obviousness case like this. Okay, so this is the second. This is the second. It's the implicit. We have the claim construction issue and then the implicit disclosure. The board found that it's not expressly or inherently disclosed. Instead, it said it's implicitly disclosed. I am aware of no case law that supports an implicit disclosure. If we just translated that to mean in light of the well-known state of the prior art of how electronic tolling systems work, it would be obvious to make whatever adjustments that need to be made to the HACCP 183 system, which we know is for determining tolls, among other things, to make sure that we have a program administrator that the cars are registered with. Through the identifying signal that HACCP 183 itself describes. So what we would need then is evidence of a motivation to make that modification to HACCP 183, and we would frankly need analysis from the board finding sufficient evidence on appeal to make that modification to HACCP 183. HACCP 183 doesn't have that disclosure. Now, I think, Judge Chen, you're right that implicit disclosure is code for it's in the background art. But Arendi v. Apple makes clear that in the background art isn't good enough to supply the missing limitation on its own. There must be a motivation there to add it to the HACCP 183 reference or any reference for that matter. I guess, what if it's obvious to use HACCP in the context of an electronic tolling system for highway usage? And then once you arrive at that, what comes with that is necessarily a car registration system with the electronic tolling system. And an electronic tolling system necessarily has a program administrator. So that's where the, I guess, gap, if there's a gap, is that it would be obvious to use HACCP 183 in the context of an electronic tolling system, given that it talks – itself talks about using all of the information collected for determining tolls on a highway for a given car. That's right. And it does talk about setting tolls. That's in the HACCP 183 reference. I don't know – the disclosure of determining tolls is ambiguous at best because there's a specific reference to setting tolls, gathering the information to set tolls. I'm not sure that it's fair to describe HACCP 183 as an electronic tolling system. Its title is different from that. There's the HACCP 389, which is another HACCP – Which is incorporated by reference in the HACCP 183. It is. And the board instituted on two of the dependent claims a combination of the two. And it found that one describes an electronic tolling system, and then it describes HACCP as being one that gathers information for the management of traffic networks. So I think the board has stretched to find that the HACCP 183 reference is itself an electronic tolling system. And that's why I think there's a disconnect between just saying it would have been obvious to add this identifier for a registrant based on the VIN or the transponder identifier. Because it's not disclosed in the HACCP 183 reference. And HACCP, as we read it, and as I think the board confirms by having to rely on the HACCP 389 for the combinations necessary to address the two dependent claims, that HACCP 183 is not an electronic tolling reference or patent. Rather, it is a traffic monitoring patent. Okay. And with that, I yield my time. Thank you. We'll give you two minutes for rebuttal. Mr. Pouchter. May it please the court. The board correctly construed the claims and the board correctly determined with substantial evidence that the claims in the 101 patent, the asserted claims in the 101 patent were invalid as obvious over HACCP 183 or in the case of dependent claims 5 and 10 over the combination of HACCP 183 and HACCP 389. The board also correctly determined that the registrant was disclosed. And we would contend that the registrant either as construed as the board did or as the patent owner would request is still disclosed in HACCP 183. We would also contend that the program administrator is also disclosed in HACCP 183, either with the board's construction or with the proposed construction by the patent owner. That is because a person of ordinary skill in the art would have understood that a registrant with the knowledge of how automatic vehicle identification systems work would have been the person or one of the persons that had the transponder that went to the program that was used to receive the information. As to the number of occupants and vehicle identification information. So is this a 102 or a 103? As I understand it, it was set up as a 103 and the board, in fact, that institution rejected a 102 theory. What I'm hearing from you is, is that the board converted the 103 to a 102, is that right? No, Your Honor, the board determined. And where's the 103 aspect come in? We believe incorrectly, but because we originally advocated that it was a 102 that was anticipated as well as 103. Regardless of what you think, I'm trying to understand what the board thinks. What does the board think? Is this a 103 in the board's view or a 102 in the board's view? The board determined that it is a 103, Your Honor. The board determined it was a 103 because this would be a case that, like one of the cases cited, was within a heritage breadth of anticipation in the sense that it didn't necessarily disclose those features. While a person of ordinary skill in the art would have understood, based on the knowledge of the background art, that those features were present, the law of anticipation requires that it necessarily be disclosed. And they recognized that it was possible that they may not be necessarily disclosed, and therefore an anticipation finding was inappropriate, and that is why they made an obvious mis-finding. Okay, what part is not necessarily disclosed? The board's determination as to what was not necessarily disclosed was, I believe, Your Honor, that the program administrator as such was not necessarily disclosed, nor necessarily a registrant with the program administrator. We believe that, in fact, the registrant was disclosed, both within and also because the person of ordinary skill in the art would understand that if you have an automatic… weren't necessarily disclosed. That is correct, Your Honor. Nevertheless, the board used language that said those two limitations are disclosed implicitly. Yes, Your Honor, that a person of ordinary skill in the art would have understood them to be disclosed. So what am I supposed to – how am I supposed to translate what implicit disclosure means? It doesn't mean necessarily disclosed? No, Your Honor, it does not mean necessarily disclosed. It doesn't mean? It means that there is a possibility that some other system might exist, so therefore the requirements of anticipation that necessarily be disclosed are not necessarily met. But nevertheless, it is probable, and in fact, under the substantial evidence standard, it is appropriate to determine that they would have been found in Passport 183 as understood by a person of ordinary skill in the art at the time of the filing of the patent. So I guess I'm a little bit lost. Is there some need to make a finding that it would be somehow obvious to make the adjustment to whatever is in HACCP 103 so that we necessarily arrive at the claimed invention? HACCP 183 does not need to be modified to include that feature. What it does not do is it does not explicitly say that this is a program. What it does say is that we have transponders, we have a network computer, we have a system of transceivers, and we have information that would be communicated from those transponders to those receivers and then sent back to a network computer system, as shown in Figure 1. And that information can be used for tolling purposes, for traffic management purposes, or various other purposes. In essence, that that's the program. There is a program that exists. And in order to have a transponder with an identification number, as is known in the art when you're using automatic vehicle identification systems, there would have been registration. And that was demonstrated by the testimony of Mr. Andrews. Are these claims limited to monitoring or managing a hub system, or would it include a tolling system where the tolls were increased or decreased depending on the number of vehicle occupants? The claims don't really address what is done with the data at all, Your Honor. The claims simply say that the data is collected. They don't even necessarily require that the data be received. If you look at Claim 1, it just says that it has to be transmitted. There's no indication as to how the program, well, only Claim 1 has a program. Claim 6. Claim 6. Claim 6 requires that it be received, Your Honor. Yes, but Claim 1 does not. But none of the claims is limited to a hub system. No, Your Honor. They don't say at all what you have to do with the data or what you're going to do with the information. Including tolling? Including tolling, Your Honor. That's correct. What about Claim 6, which talks about the registrant transmitting the number of occupants in the vehicle? Claim 1 is somewhat ambiguous as to whether a particular person is transmitting that vehicle number. Claim 6 seems to suggest it's being done by the registrant. How do you understand that? Do you understand that we should think of the registrant as someone who is identified by some unique identifying signal? Or, you know, and so, therefore, the car is the registrant. Or the car, the registrant is, I guess, the owner of the car or the member of the program that cares about this car being part of this system. But who is actually in the car and turning the dials on to transmit the information doesn't really matter. Well, based on the specification, Your Honor, it doesn't really matter. The specification very clearly says that a claim can be sent by the occupant. It's in specifically... Does the specification contemplate that the VIN number, for example, would be entered by the occupant or is that done automatically by the vehicle? Well, the specification of HACCIT 183 contemplates that the VIN number, like the number of occupants, could be part of the information that was entered in using the keypad. The specification of the 101 patent does not discuss VIN numbers. It doesn't suggest that the specification of HACCIT doesn't suggest that you'd have to enter the VIN number every time you got in the car. No, it doesn't. You do it once and you're done. It does not, Your Honor. In fact, it specifically discloses a memory in the transponder. That's right. Okay. It's in the specification of the 101 patent. It discusses that a device would also allow the user to designate a claim passenger occupancy level. That would be at column one, line 64 to 65. It does not require that the registrant be the person who actually enters the occupancy level in the specification. And then also in the 101 patent... The Claim 6 says by registrant, so that's the part where I'm trying to think through what does it mean to be a registrant. In the context of Claim 6, Your Honor, the registrant would be either the person under the construction by the board who registered vehicle or the person who registered the transponder with the system. But it could, as a practical matter, it would seem that it could also be an agent of the registrant, somebody who's driving the car, who's done neither of the other two. That's correct, Your Honor, and that's what's disclosed in the specification of the 101 patent, that it doesn't need to be the actual registrant. The person that's doing it perhaps on behalf of the registrant. Yes, Your Honor. Okay, anything further? If there are no further questions, Your Honor, thank you very much. Okay, thank you, Mr. Hatcher. Mr. Weinberg, you have two minutes. I'd like to pick up where Judge Chen I think left off, which is that Claim 6 doesn't leave this sort of ambiguity as to who makes the claim as to vehicle occupancy. It does say, consistent with the preamble of both independent claims, that it's by the registrant. It's not leaving, at least in view of the construction of registrant adopted by the Board or even the one that we've advocated, that it is an agent of the registrant. The registrant has been construed as a person who registers. It's from the program's perspective, the program administrator's perspective, when it receives this information about the number of occupants in the vehicle, the program administrator is seeing a claim by the registrant, right? That's correct. And it is totally agnostic as to who is actually sitting in the car entering in the number of occupants to be transmitted to the program administrator. That's right. So in that sense, the claim is coming from the registrant, from the program administrator's point of view. It is coming from the registrant. It's a claim made by the registrant. And from the perspective of the 101 patent, that need not be the driver. What the Board said, though, and this is part of its inherency light analysis, it says the driver, which is the only disclosed individual in the HACCP patent that could make the claim as to vehicle occupancy. It said the driver is the registrant. And though it's not necessarily always the case, which is why the Board couldn't do inherency, it's not necessarily always the case that the driver is the registered owner. It is sometimes the case that the driver will be the registered owner. Now, when I drive, that is the case. But when my father borrows my car to take my kids somewhere, he's the driver and he's not the registered owner. So that's why inherency doesn't work. It's not necessarily always the case. So what you're saying, it seems to me, and correct me if this is wrong, is that a claim such as Claim 6, perhaps as a result of somewhat sloppy drafting, doesn't cover as much real estate as it could have or perhaps should have in light of essentially the object of the invention. So if someone were careful to make sure that the person who actually registered either with the DMV or with the program was not driving and was not the one that was entering the number of occupants, then they'd avoid infringement. Lucky them. But you're just saying that this is a narrower claim than it could have been written. But nonetheless, it covers ground, it seems to me, that would be covered by the two HACCP patents, does it not? Or at least 183. I don't think it does because, again, depending on how you're construing the registrant, if it's one who registers with a program that permits or allows for claims of vehicle occupancy, your reliance on a VIN number is inadequate because that's a registration with a licensing authority. And the licensing authority is not one that allows claims as to vehicle occupancy. So what if the understanding of registrant was a person who enrolls in a system that is identified by the unique code transmitted by the transponder in the vehicle? That code, if the code for the transponder is unique to the registrant, and then it's a registrant code, whether we call it a transponder code or a registrant code, if it's the only one and it identifies the registrant, it would be an identifier of the registrant. It defines the registrant by the code issued by the transponder. Well, issued by the program or issued by the transponder? By the transponder in the car that communicates all the information about the number of occupants in the car and anything else to the program administrator. If you have a program administrator that administers a program for making occupancy claims and you have a unique identifier that is associated with a registrant, a single registrant, then you have what's required by claim one and claim six. Thank you, Mr. Lindberg. Thank both counsel. The case is submitted. That concludes our session for this morning. All rise. The honorable court is adjourned until tomorrow morning at 10 a.m.